IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SPAM ARREST LLC,<br><br>        Plaintiff,<br><br>        v.<br><br>RHINO SOFTWARE, INC., BOXBE, INC., DIGIPORTAL SOFTWARE, INC., and SENDIO, INC.,<br><br>        Defendants. | CASE NO. 10-CV-669<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Spam Arrest LLC hereby alleges for its complaint against defendants Rhino Software, Inc., Boxbe, Inc., Digiportal Software, Inc., and Sendio, Inc. (collectively, "Defendants") on personal information as to Plaintiff's own activities, and upon information and belief as to the activities of others, as follows:

**NATURE OF THE ACTION**

1.    This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**PARTIES**

2.    Plaintiff Spam Arrest, LLC is a Washington limited liability with its principal place of business in Washington State.

3.    Spam Arrest is the owner of U.S. Patent No. RE40,992 E ("the '992 Patent"), entitled "Method and System for Blocking Unwanted Communications", reissued November 17, 2009 (copy attached as Exhibit A).

4. Spam Arrest is the owner of the entire right, title, and interest in the '992 Patent and has standing to sue for all past, present, and future infringement of the '992 Patent.

5. Upon information and belief, Defendant RHINO SOFTWARE, INC. is a Wisconsin corporation with its principal business address at W2693 Bakertown Road, Helenville, Wisconsin. Upon information and belief, RHINO SOFTWARE, INC. transacts business and has provided to customers in this judicial district and throughout the State of Wisconsin products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '992 Patent.

6. Upon information and belief, Defendant BOXBE, INC. is a Delaware corporation with its principal place of business at 2390 Chestnut Street, Suite 201, San Francisco, California. Upon information and belief, BOXBE, INC. transacts business and has provided to customers in this judicial district and throughout the State of Wisconsin products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '992 Patent.

7. Upon information and belief, Defendant DIGIPORTAL SOFTWARE, INC. is a Delaware corporation with its principal place of business at 3020 Alatka Court, Longwood, Florida. Upon information and belief, DIGIPORTAL SOFTWARE, INC. transacts business and has provided to customers in this judicial district and throughout the State of Wisconsin products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '992 Patent.

8. Upon information and belief, Defendant SENDIO, INC. is a California corporation with its principal place of business at 4911 Birch Street, Suite 150, Newport

Beach, California. Upon information and belief, SENDIO, INC. transacts business and has provided to customers in this judicial district and throughout the State of Wisconsin products and/or services that infringe and/or induce infringement of, and/or contribute to infringement of, one or more claims of the '992 Patent.

9. Upon information and belief, Defendants, and each of them, manufacture, import into the United States, sell, offer for sale, and/or use software products that infringe one or more claims of the '992 Patent. Upon information and belief, such software products are offered for sale to customers in this judicial district and throughout the State of Wisconsin.

## JURISDICTION AND VENUE

10. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Personal jurisdiction over Defendants is proper in this court. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## SPAM ARREST'S BUSINESS AND PATENTED TECHNOLOGY

12. Brian Cartmell founded Spam Arrest to develop and provide to customers new and more effective methods of filtering unwanted commercial email.

13. As a testament to Mr. Cartmell's innovation, he was issued the '992 Patent for the novel email filtering technology he invented.

14. Spam Arrest owns the '992 patent and provides services to many thousands of consumers throughout the world based on the technology disclosed in the '992 Patent.

15. Spam Arrest is still owned and controlled by Mr. Cartmell.

## DEFENDANTS' INFRINGEMENT OF THE '992 PATENT

16. Upon information and belief, each Defendant has infringed and continues to infringe the '992 Patent under 35 U.S.C. § 271(a) by making, using, modifying, upgrading, performing quality control, and providing support for its email filtering software and/or hardware and/or other products and/or services provided by means of that software and/or hardware.

17. Upon information and belief, each Defendant has also been and is directly infringing the '992 Patent under 35 U.S.C. § 271(a) by selling, offering for sale, and/or importing into the United States email filtering software and/or other products and/or services that infringe one or more claims of the '992 patent.

18. Upon information and belief, each Defendant's customers and other users of that Defendant's software and other products and the services provided by means of that software and/or hardware and other products, have been and are directly infringing one or more claims of the '992 Patent under 35 U.S.C. § 271(a).

19. Upon information and belief, each Defendant has been and is actively inducing infringement of one or more claims of the '992 Patent under 35 U.S.C. § 271(b) by providing to customers, including customers in this judicial district, its email filtering software and other products, as well as services provided by means of its email filtering software and other products, along with instructions and directions that result in the use of the methods, computer programs, and systems disclosed and claimed in the '992 Patent. On information and belief, each Defendant knew, or should have known, that its customers and other users of its services would use that Defendant's email filtering software and other products to infringe the '992 Patent and intended such infringement.

20.     Upon information and belief, each Defendant has been and is contributorily infringing one or more claims of the '992 Patent under 35 U.S.C. § 271(c) by making, selling, and/or offering for sale to customers, including customers in this judicial district, its email filtering software and other products, as well as services provided by means of its email filtering software and other products. Each Defendant's email filtering software and other products are each a material part of the invention claimed in the '992 patent, are not staple articles or commodities of commerce, and have no substantial non-infringing use. Upon information and belief, each Defendant knew, or should have known, that its email filtering software and other products were especially made or adapted for an infringing use.

21.     Each Defendant's infringement, contributory infringement, and inducement to infringe the '992 Patent has been willful and has deliberately injured and will continue to injure Spam Arrest unless and until the Court enters a preliminary and permanent injunction prohibiting further infringement and, specifically, enjoining further manufacture, use, importation, sale, and/or offer for sale of products that infringe the '992 Patent.

## CAUSE OF ACTION
## INFRINGEMENT OF U.S. PATENT NO. RE40,992

22.     Each Defendant has infringed and is infringing the '992 Patent by making, using, offering for sale, and selling in the United States, without authority, products and services that infringe one or more claims of the '992 Patent.

23.     Each Defendant's infringement of the '992 Patent is willful and deliberate, justifying an increase of damages of up to three times under 35 U.S.C. § 284.

24. Each Defendant's infringement of the '992 Patent is exceptional and entitles Spam Arrest to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

25. Each Defendant's acts of infringement have caused damage to Spam Arrest, and Spam Arrest is entitled to recover from each Defendant compensation as a result of each Defendant's wrongful acts in an amount subject to proof at trial, injunctive relief, and such other relief as may be appropriate.

## DEMAND FOR JURY TRIAL

26. Spam Arrest demands a trial by jury under Federal Rule of Civil Procedure 38(b).

## RELIEF REQUESTED

WHEREFORE, Spam Arrest asks this Court to enter judgment against each Defendant and against each Defendant's subsidiaries, affiliates, agents, servants, and employees and all persons in active concert or participation with them, granting the following relief:

A. A judgment or order declaring that each Defendant has infringed, induced others to infringe, and/or contributorily infringed the '992 Patent;

B. A judgment, order, or award of damages adequate to compensate Spam Arrest for each Defendant's infringement of the '992 Patent, based on lost sales, lost profits, price erosion, loss of market share, or any other applicable theory, together with prejudgment interest from the date infringement of the '992 Patent began;

C. Preliminary and permanent injunctions prohibiting further infringement, inducement, and contributory infringement of the '992 Patent;

D. A finding that this case is exceptional and an award to Spam Arrest of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

E. Increased damages as permitted by 35 U.S.C. § 284, together with prejudgment interest; and

F. Such other and further relief as this Court or a jury may deem proper and just.

Dated November 2, 2010.                Respectfully Submitted,


                                       NEWMAN & NEWMAN,
                                       ATTORNEYS AT LAW, LLP


                                       /s/ Derek Linke
                                       Derek A. Newman
                                       Derek Linke
                                       John Du Wors
                                       505 Fifth Avenue South, Suite 610
                                       Seattle, WA  98104
                                       Telephone:   (206) 274-2800
                                       Facsimile:   (206) 274-2801
                                       *derek@newmanlaw.com*
                                       *linke@newmanlaw.com*
                                       *duwors@newmanlaw.com*

                                       Attorneys for Plaintiff Spam Arrest LLC