## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SPAM ARREST LLC | ) | |
| | ) | CIVIL ACTION NO. 3:10-CV-669-WMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| | ) | |
| RHINO SOFTWARE, INC.; | ) | |
| BOXBE, INC; | ) | |
| DIGIPORTAL SOFTWARE, INC.; and | ) | |
| SENDIO, INC. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT BOXBE, INC.'S ANSWER

Defendant Boxbe, Inc. (hereinafter "Defendant"), through its attorneys, hereby answer Plaintiff's Spam Arrest, LLC (hereinafter "Plaintiff") Complaint, as follows:

### NATURE OF THE ACTION

1.      ADMIT.

### PARTIES

2.      DENY. Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 2 and, therefore, deny the same.

3.      ADMIT.

4.      DENY. Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 5 and, therefore, deny the same.

5.      DENY. Defendants are without sufficient knowledge or information to form a

1

belief as to the truth of allegations herein Paragraph 5 and, therefore, deny the same.

6.      ADMIT.

7.      DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 7 and, therefore, deny the same.

8.      DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 8 and, therefore, deny the same.

9.      DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 9 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same.  The remaining allegations herein Paragraph 9 are specifically denied.

## JURISDICTION AND VENUE

10.      ADMITTED IN PART, DENIED IN PART.  It is admitted only that this Court has subject matter jurisdiction.  The remaining allegations herein Paragraph 10 are specifically denied.

11.      ADMIT.

## SPAM ARREST'S BUSINESS AND PATENTED TECHNOLOGY

12.      DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 12 and, therefore, deny the same.

13.      DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 5 and, therefore, deny the same.

14.      DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 5 and, therefore, deny the same.

15.      DENY.  Defendants are without sufficient knowledge or information to form a

belief as to the truth of allegations herein Paragraph 15 and, therefore, deny the same.

## DEFENDANTS' INFRINGMENT OF THE '992 PATENT

16. DENY. Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 16 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same. The remaining allegations herein Paragraph 16 are specifically denied.

17. DENY. Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 17 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same. The remaining allegations herein Paragraph 17 are specifically denied.

18. DENY. Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 18 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same. The remaining allegations herein Paragraph 18 are specifically denied.

19. DENY. Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 19 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same. The remaining allegations herein Paragraph 19 are specifically denied.

20. DENY. Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 20 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same. The remaining allegations herein Paragraph 20 are specifically denied.

21. DENY. Defendants are without sufficient knowledge or information to form a

belief as to the truth of allegations herein Paragraph 21 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same.  The remaining allegations herein Paragraph 21 are specifically denied.

**CAUSE OF ACTION**
**INFRINGMENT OF U.S. PATENT NO. RE40,992**

22.    DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 22 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same.  The remaining allegations herein Paragraph 22 are specifically denied.

23.    DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 23 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same.  The remaining allegations herein Paragraph 23 are specifically denied.

24.    DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 24 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same.  The remaining allegations herein Paragraph 24 are specifically denied.

25.    DENY.  Defendants are without sufficient knowledge or information to form a belief as to the truth of allegations herein Paragraph 25 regarding Defendants Rhino Software, Inc., Digiportal Software, Inc. and Sendio, Inc. and, therefore, deny the same.  The remaining allegations herein Paragraph 25 are specifically denied.

**DEMAND FOR JURY TRIAL**

26.    No response is required. To the extent a response is required, Defendants DENY.

## AFFIRMATIVE DEFENSES

1.      Defendants deny that Plaintiff is entitled to relief of any kind, including any form of injunctive relief or any form of monetary relief.

2.      Defendants have not infringed United States Patent No. RE40,992 (hereinafter "'992 Patent"), and Defendants assert that this patent is invalid.

3.      Plaintiff's claims against Defendants are groundless and frivolous.

4.      The claims of the '992 Patent are invalid for failure to meet the requirements of 35 U.S.C. § 101, et seq., including at least §§ 102, 103 and 112.

5.      Other particulars with respect to the grounds of patent invalidity set forth above will be furnished to Plaintiff in writing by Defendants at least thirty (30) days before the trial of this civil action in compliance with 35 U.S.C. § 282.  Any additional grounds of invalidity of said patents which Defendants may hereinafter learn will be brought to Plaintiff's notice by appropriate proceedings.

6.      Any further defenses that maybe be established through discovery.

WHEREFORE, Defendant Boxbe, Inc. respectfully requests that this Court enter a judgment in favor of Defendant and against Plaintiff, as set forth below:

a.      A dismissal of Plaintiff's Complaint in its entirety;

b.      A denial of all relief sought by Plaintiff;

c.      Judgment in favor of Defendants and against Plaintiff;

d.      An award to Defendant of its costs and attorneys' fees incurred herein; and,

e.      Such other relief as this Court may deem just and proper.

## COUNTERCLAIMS

Defendant Boxbe, Inc. (hereinafter "Defendant"), through its attorneys, allege as follows:

## THE PARTIES

1.      Defendant Boxbe, Inc. is a corporation organized under the laws of the State of California, with its principal place of business located at 2390 Chestnut Street, Suite 201, San Francisco, California 94123.

2.      Upon information and belief, Plaintiff Spam Arrest, LLC (hereinafter "Plaintiff") is a limited liability company organized under the laws of the State of Washington, with its principal place of business located at 7683 SE 27TH ST PMB 273, Mercer Island, Washington 98040.

## JURISDICTION AND VENUE

3.      This is an action for declaratory judgment of a patent's validity and noninfringment.

4.      Personal jurisdiction is proper over Plaintiff based on its presence within this judicial district and further on its voluntary submission to jurisdiction upon its filing of its complaint in this civil action.

5.      This Court has subject matter jurisdiction over the matters pleaded herein under 28 USC §§ 1331 and 1338(a).

6.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b).  Venue is also is proper over Plaintiff based its voluntary submission to jurisdiction upon its filing of its complaint in this civil action.

## FACTUAL ALLEGATIONS

7.      Defendant incorporates and restates all prior allegations of these Counterclaims set forth above, as if fully set forth herein.

8.      U.S. Patent No. RE40,992 was filed with the United States Patent and Trademark Office (hereinafter "USPTO") on March 6, 2007 and is a reissue of U.S. Patent No. 7,039,949.

9.      U.S. Patent No. 7,039,949 was filed with the USPTO on December 10, 2001 and was issued on May 2, 2006.

10.     Upon information and belief, printed publications from the year 1996 describe the invention patented in U.S. Patent No. 7,039,949 and U.S. Patent No. RE40,992.

11.     The printed publications occurred at least one year prior to the date of the application for U.S. Patent No. 7,039,949.

12.     Upon information and belief, prior art exists that would invalidate U.S. Patent No. 7,039,949 and U.S. Patent No. RE40,992 for failure to meet the requirements of 35 U.S.C. § 101, et seq., including at least §§ 102, 103 and 112.

13.     On November 2, 2010, Plaintiff Spam Arrest filed a Complaint alleging that Defendant Boxbe, Inc. infringes on U.S. Patent No. RE40,992, which is a reissue of U.S. Patent No. 7,039,949.

14.     Defendant Boxbe, Inc. denies infringement of U.S. Patent No. RE40,992.

15.     U.S. Patent No. RE40,992 is invalid and/or unenforceable.

## FIRST COUNTERCLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of United States Patent No. RE40,992)**

16.     Defendant incorporates and restates all prior allegations of these Counterclaims set forth above, as if fully set forth herein.

17.     None of the products that Defendant has either currently or in the past manufactured, used, sold or offered for sale infringe any of the claims of U.S. Patent No. RE40,992.

18.     Any claims of U.S. Patent No. RE40,992 that may be held to be valid and enforceable are so restricted in scope that Defendants have not and are not infringing such restricted claims.

19.     This matter is an exceptional case and pursuant to 35 U.S.C. § 285 Defendant is entitled to recover its reasonable attorneys' fees expended in this action.

## SECOND COUNTERCLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of United States Patent No. RE40,992)

20.     Defendant incorporates and restates all prior allegations of these Counterclaims set forth above, as if fully set forth herein.

21.     U.S. Patent No. RE40,992 is invalid based upon its failure to comply with one of more of the provisions of 35 U.S.C. § 101, et seq., including at least §§ 102, 103 and 112.

WHEREFORE, Defendant Boxbe, Inc. requests this Honorable Court to enter Judgment and an Order as follows:

1.     Award to Defendant its reasonable attorney fees pursuant to 35 U.S.C. § 285;

2.     Award to Defendant its costs incurred in this action, including expert witness fees;

3.     All claims of Patent No. RE40,992, be found invalid and/or unenforceable and of no force or effect.

4.     Award to Defendant prejudgment interest, post judgment interest; and any such relief as this Court may deem just and proper.

Respectfully submitted this 29th day of December, 2010,

FISCHER LAW FIRM, P.C.

/s/ *Ronnie Fischer*
Ronnie Fischer
*Original signature on file*
Ronnie Fischer, # 35260
1777 South Harrison Street
Penthouse – Suite 1500
Denver, Colorado 80210
Telephone: (303) 756-2500
Fax: (303) 756-2506
ATTORNEY FOR DEFENDANT BOXBE, INC.


PATENT LAW OFFICES OF RICK MARTIN, P.C.

/s/ *Ralph (Rick) Martin*
Ralph (Rick) Martin
*Original signature on file*
Ralph (Rick) Martin, # 20688
385 Main Street
Suite 200
Longmont, Colorado 80501
Telephone: (303) 651-2177
ATTORNEY FOR DEFENDANT BOXBE, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon all counsel of record pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(a)(1) via Electronic Filing through the Court's CM/ECF on the 29th of December, 2010.

Mr. Derek Linke, Esq.
Newman & Newman, Attorneys at Law, LLP
1201 Third Avenue, Suite 1600
Seattle, Washington 98101-3029
*Attorney for Plaintiff*

Mr. Derek A. Newman, Esq.
Newman & Newman, Attorneys at Law, LLP
1201 Third Avenue, Suite 1600
Seattle, Washington 98101-3029
*Attorney for Plaintiff*

Mr. Eric Schlevensky, Esq.
Boyle Frederickson, S.C.
840 North Plankinton Avenue
Milwaukee, Wisconsin 53203
*Attorney for Defendant Rhino Software, Inc.*

Mr. James Boyle, Esq.
Boyle Frederickson, S.C.
840 North Plankinton Avenue
Milwaukee, Wisconsin 53203
*Attorney for Defendant Rhino Software, Inc.*

Mr. David A. Casimir, Esq.
Casimir Jones, S.C.
2275 Deming Way, Suite 310
Middleton, Wisconsin 53562
*Attorney for Defendant Digiportal Software, Inc.*

Mr. David A. Payne, Esq.
Casimir Jones, S.C.
2275 Deming Way, Suite 310
Middleton, Wisconsin 53562
*Attorney for Defendant Digiportal Software, Inc.*

Mr. Joel Kauth, Esq.
Kauth, Pomeroy, Peck & Bailey, LPP
2875 Michelle Drive, Suite 110
Irvine, California 92606

*Attorney for Defendant Sendio, Inc.*

Further, a true and correct copy of the foregoing instrument was delivered to:

Our client via electronic mail.

/s/ *Ronnie Fischer*
Ronnie Fischer