IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SPAM ARREST LLC,

                          Plaintiff,                        OPINION AND ORDER

    v.

                                                         10-cv-669-wmc

RHINO SOFTWARE, INC., MARK
PETERSON, BOXBE, INC. THEODORE
LODER, DIGIPORTAL SOFTWARE, INC.,
NEBOJSA DJOGO, DAVID JAMESON,
RONALD WEINDRUCH, SENDIO, INC.,
CAMERON BROWN and JONATHAN
NEIDNAGEL,

                          Defendants.

---

      In this patent infringement case, plaintiff Spam Arrest LLC alleges that defendants infringe, directly or through inducement, plaintiff's United States Patent No. RE40,992 E (the '992 patent), which covers a "method and system for blocking unwanted communications." Plaintiff and the corporate defendants have filed motions for claims construction of various terms. (*See* dkts. ##83, 86, 87, 89 & 90.)

      First, in the preliminary pretrial conference order, the magistrate judge explained that "[i]f the moving party wants a claims construction hearing, then it must request one, specify which terms require a hearing and provide grounds why a hearing actual is necessary for each specified term." (Dkt. #44 at 2.) None of the parties requested a hearing or provided grounds why a hearing would be necessary for any term. Accordingly, there will not be a claim construction hearing on July 15, 2011, and that date will be removed from the court's schedule.

Second, the magistrate judge also explained that it would be each "party's burden to persuade the court that construction of each specified term is necessary to resolve a disputed issue concerning infringement or invalidity." (Dkt. #44 at 2.) The court imposes that requirement to avoid deciding abstract questions that have no bearing on the lawsuit. *Citizens for a Better Environment v. Steel Co.*, 230 F.3d 923, 927 (7th Cir. 2000) (federal courts have no authority to issue advisory opinions). Merely stating that claims should be construed because they are concepts "upon which determinations of both noninfringment and/or invalidity are likely to rest" does not persuade the court that construction of such terms are necessary to resolve any actual issues of infringement or invalidity. (Def. Sendio, Inc.'s Br. (dkt. #90) at 7.) Instead, explanations of *why* construction of a term in a certain manner will establish that an accused product does not infringe or that a claim is invalid are the types of information the court needs to be persuaded to construe a term at this stage of the case. (*See* Def. Digiportal Software, Inc.'s Br. (dkt. #86) at 9 ("Digiportal's accused products employ no such knowledge sharing between recipients of e-mail received from a sender").)

Nonetheless, failure to meet the above requirement does not mean that terms will *never* be construed. Instead, the court will construe terms when it becomes necessary to resolve a disputed issue of infringement or invalidity, which usually occurs when deciding motions for summary judgment. Here, it appears the following terms should be construed: **recipient; other recipients;** and **authorization information**. Construction of other terms will be made when such construction is proven necessary to decide a disputed issue on summary judgment.

ORDER

IT IS ORDERED that the court will construe the following disputed claim terms from plaintiff United States Patent No. RE40,992 E:

- recipient
- other recipients
- authorization information

Entered this 27th day of June, 2011.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge