IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SPAM ARREST LLC, <br><br> Plaintiff, <br><br> v. <br><br> RHINO SOFTWARE, INC., BOXBE, INC., DIGITPORTAL SOFTWARE, INC., and SENDIO, INC., <br><br> Defendants. | CASE NO. 10-CV-669 <br><br> DEMAND FOR JURY TRIAL |

**PLAINTIFF SPAM ARREST LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT BOXBE, INC.'S FIRST AMENDED COUNTERCLAIMS**

Plaintiff Spam Arrest LLC hereby answers Defendant Boxbe, Inc.'s first amended counterclaims ("Counterclaims") (Dkt. No. 166 at 8-21) and asserts affirmative defenses as follows:

**ANSWER**

1. Spam Arrest lacks knowledge or information sufficient to form a belief about the allegations in Paragraph 1 of Boxbe's Counterclaims and on that basis DENIES those allegations.

2. Spam Arrest ADMITS the allegations in Paragraph 2 of Boxbe's Counterclaims.

3. In response to the allegations in Paragraph 3 of Boxbe's Counterclaims, Spam Arrest states that paragraph consists of legal conclusions to which no response is necessary.

- 1 -

4. In response to the allegations in Paragraph 4 of Boxbe's Counterclaims, Spam Arrest states that paragraph consists of legal conclusions to which no response is necessary.

5. In response to the allegations in Paragraph 5 of Boxbe's Counterclaims, Spam Arrest states that paragraph consists of legal conclusions to which no response is necessary.

6. In response to the allegations in Paragraph 6 of Boxbe's Counterclaims, Spam Arrest states that paragraph consists of legal conclusions to which no response is necessary.

7. Spam Arrest incorporates by reference Paragraphs 1 through 6 of this Answer as though fully set forth herein.

8. Spam Arrest ADMITS that U.S. Patent No. 7,039,949 (the " '949 Patent") was issued on May 2, 2006, and that the application which resulted in the issuance of the '949 Patent was filed with the United States Patent and Trademark Office on December 10, 2001. Spam Arrest DENIES the remaining allegations in Paragraph 8 of Boxbe's Counterclaims.

9. Spam Arrest ADMITS that Mr. Luther was, at one point, an attorney of record during the prosecution of the '949 Patent.

10. Spam Arrest ADMITS that Mr. Luther was an attorney at the law firm of Newman & Newman, Attorneys at Law, LLP, at one point during the prosecution of the '949 Patent.

11. Spam Arrest ADMITS that Newman & Newman, Attorneys at Law, LLP now does business as Newman Du Wors LLP.

12.   Spam Arrest ADMITS that it was represented in the Mailblocks lawsuit by Newman & Newman.

13.   Spam Arrest ADMITS the allegations in Paragraph 13 of Boxbe's Counterclaims.

14.   Spam Arrest ADMITS the allegations in Paragraph 14 of Boxbe's Counterclaims.

15.   Spam Arrest is without knowledge or information sufficient to form a belief as to the activities of Mr. Luther described in Paragraph 15 of Boxbe's Counterclaims and on that basis DENIES those allegations.

16.   Spam Arrest is without knowledge or information sufficient to form a belief as to the activities of Mr. Luther described in Paragraph 16 of Boxbe's Counterclaims and on that basis DENIES those allegations.

17.   Spam Arrest is without knowledge or information sufficient to form a belief as to the activities of Mr. Luther described in Paragraph 17 of Boxbe's Counterclaims and on that basis DENIES those allegations. Spam Arrest further states that the content of Exhibit 1 to Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

18.   Spam Arrest states that the content of Exhibit 1 to Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

19.     Spam Arrest states that the content of Exhibit 1 to Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

20.     Spam Arrest states that the McCormick Patent referred to in Paragraph 20 of Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

21.     Spam Arrest states that the content of Exhibit 2 of Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

22.     Spam Arrest is without knowledge or information sufficient to form a belief as to the activities of Mr. Luther described in Paragraph 22 of Boxbe's Counterclaims and on that basis DENIES those allegations. Spam Arrest states that the content of Exhibit 1 of Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

23.     Spam Arrest states that the content of Exhibit 1 of Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

24.     Spam Arrest is without knowledge or information sufficient to form a belief as to the knowledge or activities of Mr. Luther described in Paragraph 24 of Boxbe's Counterclaims and on that basis DENIES those allegations. Spam Arrest states that the content of Exhibit 2 of Boxbe's Counterclaims speaks for itself and that Boxbe's

characterization of that document is not an allegation which Spam Arrest must admit or deny.

25. Spam Arrest is without knowledge or information sufficient to form a belief as to the activities of Mr. Luther described in Paragraph 25 of Boxbe's Counterclaims and on that basis DENIES those allegations. Spam Arrest states that the content of Exhibit 2 of Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

26. Spam Arrest is without knowledge or information sufficient to form a belief as to the activities of Mr. Luther described in Paragraph 26 of Boxbe's Counterclaims and on that basis DENIES those allegations.

27. Spam Arrest is without knowledge or information sufficient to form a belief as to the activities of Mr. Luther described in Paragraph 27 of Boxbe's Counterclaims and on that basis DENIES those allegations.

28. Spam Arrest is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 28 of Boxbe's Counterclaims and on that basis DENIES those allegations.

29. Spam Arrest states that the '992 Patent referred to in Paragraph 20 of Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

30. Spam Arrest ADMITS that Mr. Luther was, at one point, an attorney of record during the prosecution of the '992 Patent.

31. Spam Arrest ADMITS that Mr. Luther was an attorney at the law firm of Newman & Newman, Attorneys at Law, LLP, at one point during the prosecution of the '992 Patent.

32. Spam Arrest states that the content of Exhibit 1 to Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

33. Spam Arrest states that the content of Exhibit 3 to Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

34. Spam Arrest is without knowledge or information sufficient to form a belief as to the knowledge or activities of Mr. Luther described in Paragraph 34 of Boxbe's Counterclaims and on that basis DENIES those allegations. Spam Arrest further states that the content of Exhibit 3 to Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

35. Spam Arrest is without knowledge or information sufficient to form a belief as to the knowledge or activities of Mr. Luther described in Paragraph 35 of Boxbe's Counterclaims and on that basis DENIES those allegations. Spam Arrest further states that the content of Exhibit 3 to Boxbe's Counterclaims speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

36. Spam Arrest ADMITS the allegations in Paragraph 36 of Boxbe's Counterclaims.

37. Spam Arrest ADMITS the allegations in Paragraph 37 of Boxbe's Counterclaims.

38. Spam Arrest states that the content of the USPTO's Determination speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

39. Spam Arrest states that the content of Docket No. 100-1 speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

40. Spam Arrest states that the content of Docket No. 100-1 speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

41. Spam Arrest states that the content of Docket No. 100-1 speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

42. Spam Arrest states that the content of Docket No. 100-1 speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

43. Spam Arrest states that the content of Docket No. 100-1 speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

44. Spam Arrest states that the content of Docket No. 100-1 speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

45. Spam Arrest states that the content of Docket No. 100-1 speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

46. Spam Arrest states that the content of Docket No. 100-1 speaks for itself and that Boxbe's characterization of that document is not an allegation which Spam Arrest must admit or deny.

47. Spam Arrest DENIES all allegations in Paragraph 47 of Boxbe's Counterclaims.

48. Spam Arrest DENIES the allegations in Paragraph 48 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent.

49. Spam Arrest DENIES the allegations in Paragraph 49 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent.

50. Spam Arrest DENIES the allegations in Paragraph 50 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent.

51. Spam Arrest DENIES the allegations in Paragraph 51 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

52.     Spam Arrest DENIES the allegations in Paragraph 52 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

53.     Spam Arrest DENIES the allegations in Paragraph 53 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

54.     Spam Arrest DENIES all allegations in Paragraph 54 of Boxbe's Counterclaims.

55.     Spam Arrest DENIES the allegations in Paragraph 55 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent.

56.     Spam Arrest DENIES the allegations in Paragraph 56 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent.

57.     Spam Arrest DENIES the allegations in Paragraph 57 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent.

58. Spam Arrest DENIES the allegations in Paragraph 58 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent.

59. Spam Arrest DENIES the allegations in Paragraph 59 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent.

60. Spam Arrest DENIES the allegations in Paragraph 60 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

61. Spam Arrest DENIES the allegations in Paragraph 61 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

62. Spam Arrest DENIES the allegations in Paragraph 62 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

63. Spam Arrest DENIES the allegations in Paragraph 63 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent.

64. Spam Arrest DENIES the allegations in Paragraph 64 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent.

65. Spam Arrest DENIES the allegations in Paragraph 65 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent.

66. Spam Arrest DENIES the allegations in Paragraph 66 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

67. Spam Arrest DENIES the allegations in Paragraph 67 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

68. Spam Arrest DENIES the allegations in Paragraph 68 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '949 Patent. Spam Arrest further states that

whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

69. Spam Arrest DENIES the allegations in Paragraph 69 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

70. Spam Arrest DENIES the allegations in Paragraph 70 of Boxbe's Counterclaims to the extent they claim that it intentionally withheld material prior art references during the prosecution of the '992 Patent. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

71. Spam Arrest lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 71 of Boxbe's Counterclaims and on that basis DENIES those allegations.

72. Spam Arrest lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 72 of Boxbe's Counterclaims and on that basis DENIES those allegations.

73. Spam Arrest lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 73 of Boxbe's Counterclaims and on that basis DENIES those allegations.

74. Spam Arrest lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 74 of Boxbe's Counterclaims and on that basis DENIES those allegations.

75. In response to the allegations in Paragraph 75 of Boxbe's Counterclaims, Spam Arrest states that paragraph consists of legal conclusions to which no response is necessary. Spam Arrest DENIES that the '949 Patent is invalid.

76. In response to the allegations in Paragraph 76 of Boxbe's Counterclaims, Spam Arrest states that paragraph consists of legal conclusions to which no response is necessary. Spam Arrest DENIES that the '992 Patent is invalid.

77. Spam Arrest lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 77 of Boxbe's Counterclaims and on that basis DENIES those allegations.

78. In response to the allegations in Paragraph 78 of Boxbe's Counterclaims, Spam Arrest states that paragraph consists of legal conclusions to which no response is necessary. Spam Arrest DENIES that the '992 Patent is invalid or unenforceable.

79. Spam Arrest incorporates by reference Paragraphs 1 through 78 of this Answer as though fully set forth herein.

80. Spam Arrest DENIES the allegations in Paragraph 80 of Boxbe's Counterclaims.

81. Spam Arrest DENIES the allegations in Paragraph 81 of Boxbe's Counterclaims.

82. Spam Arrest DENIES the allegations in Paragraph 82 of Boxbe's Counterclaims.

83. Spam Arrest incorporates by reference Paragraphs 1 through 82 of this Answer as though fully set forth herein.

84. Spam Arrest DENIES the allegations in Paragraph 84 of Boxbe's Counterclaims.

85. Spam Arrest incorporates by reference Paragraphs 1 through 84 of this Answer as though fully set forth herein.

86. Spam Arrest DENIES the allegations in Paragraph 86 of Boxbe's Counterclaims.

87. Spam Arrest DENIES the allegations in Paragraph 87 of Boxbe's Counterclaims.

88. Spam Arrest DENIES the allegations in Paragraph 88 of Boxbe's Counterclaims.

89. Spam Arrest DENIES the allegations in Paragraph 89 of Boxbe's Counterclaims.

90. Spam Arrest DENIES the allegations in Paragraph 90 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

91. Spam Arrest DENIES the allegations in Paragraph 91 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

92. Spam Arrest DENIES the allegations in Paragraph 92 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

93. Spam Arrest DENIES the allegations in Paragraph 93 of Boxbe's Counterclaims.

94. Spam Arrest DENIES the allegations in Paragraph 94 of Boxbe's Counterclaims.

95. Spam Arrest DENIES the allegations in Paragraph 95 of Boxbe's Counterclaims.

96. Spam Arrest DENIES the allegations in Paragraph 96 of Boxbe's Counterclaims.

97. Spam Arrest DENIES the allegations in Paragraph 97 of Boxbe's Counterclaims.

98. Spam Arrest DENIES the allegations in Paragraph 98 of Boxbe's Counterclaims.

99. Spam Arrest DENIES the allegations in Paragraph 99 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

100. Spam Arrest DENIES the allegations in Paragraph 100 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

101. Spam Arrest DENIES the allegations in Paragraph 101 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

102. Spam Arrest DENIES the allegations in Paragraph 102 of Boxbe's Counterclaims.

103.   Spam Arrest DENIES the allegations in Paragraph 103 of Boxbe's Counterclaims.

104.   Spam Arrest DENIES the allegations in Paragraph 104 of Boxbe's Counterclaims.

105.   Spam Arrest DENIES the allegations in Paragraph 105 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

106.   Spam Arrest DENIES the allegations in Paragraph 106 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

107.   Spam Arrest DENIES the allegations in Paragraph 107 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

108.   Spam Arrest DENIES the allegations in Paragraph 108 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

109.   Spam Arrest DENIES the allegations in Paragraph 109 of Boxbe's Counterclaims. Spam Arrest further states that whether a prior art reference is material to patentability is a legal conclusion which Spam Arrest is not required to admit or deny.

110.   Spam Arrest DENIES all allegations not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1.   Boxbe's Counterclaims, and each of them, fail to state a claim upon which relief may be granted.

2. Boxbe's unclean hands bar it from obtaining any of its requested relief.

3. Boxbe waived its claims.

4. Boxbe's Counterclaims are barred by the doctrine of laches.

5. Boxbe's Counterclaims are barred by the doctrine of estoppel.

6. Spam Arrest reserves the right to add more defenses pending discovery.

## DEMAND FOR JURY TRIAL

Spam Arrest demands a trial by jury under Federal Rule of Civil Procedure 38(b).

## RELIEF REQUESTED

Spam Arrest respectfully requests this Court dismiss Boxbe's Counterclaims and deny Boxbe's requested relief.

Dated December 14, 2011.   Respectfully Submitted,

NEWMAN DU WORS LLP

s/ Derek Linke
Derek A. Newman
Derek Linke
John Du Wors
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Telephone:   (206) 274-2800
Facsimile:   (206) 274-2801
*derek@newmanlaw.com*
*linke@newmanlaw.com*
*john@newmanlaw.com*

Attorneys for Plaintiff Spam Arrest LLC