# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

SPAM ARREST LLC,

      Plaintiff,

      v.

RHINO SOFTWARE, INC., MARK
PETERSON, BOXBE, INC., THEODORE
LODER, DIGIPORTAL SOFTWARE, INC.,
NEBOJSA DJOGO, DAVID JAMESON,
RONALD WEINDRUCH, SENDIO, INC.,
CAMERON BROWN, and JONATHAN
NIEDNAGEL,

      Defendants.

**CASE NO. 10-CV-669**

---

**PLAINTIFF SPAM ARREST, LLC'S OPPOSITION TO DEFENDANT BOXBE, INC.'S MOTION TO ADD PARTY DEFENDANTS**

---

**TABLE OF CONTENTS**

I.    Introduction.................................................................................................. 1

II.   Facts ............................................................................................................. 2

      A.    Spam Arrest's patent infringement claim against Boxbe, Inc. ......................... 2

      B.    Boxbe discovered the factual allegations underlying its proposed
            Third Party Complaint nine months ago. ............................................................ 2

      C.    Boxbe disclosed details about its inequitable conduct defense and its
            allegations about Newman Du Wors and Luther nine months ago
            when it served Spam Arrest with its invalidity and unenforceability
            contentions. ...................................................................................................... 3

      D.    Boxbe's proposed third-party claims are based on the same factual
            allegations it disclosed in its invalidity and unenforceability
            contentions and plead in its amended counterclaims nine months ago. .......... 4

      E.    Discovery is closing, trial is imminent, and Boxbe's proposed
            amendment would cause severe prejudice to Spam Arrest and its
            counsel. ............................................................................................................. 6

III.  Discussion .................................................................................................... 7

      A.    The standard for granting leave to amend. ......................................................... 7

      B.    Boxbe's proposed pleading is futile because its proposed causes of
            action do not exist............................................................................................. 7

      C.    Boxbe's Motion should be denied on the basis of its undue delay, bad
            faith, and dilatory tactics................................................................................... 11

      D.    Boxbe's Motion should be denied because it already had an
            opportunity to cure any deficiencies in its pleadings relating to its
            inequitable conduct defense. ............................................................................. 12

      E.    The Court should award Spam Arrest its fees in responding to
            Boxbe's Motion.................................................................................................. 13

IV.   Conclusion ................................................................................................... 15

## I.        Introduction

Three months before trial and a year after it manufactured its inequitable conduct theory, Defendant Boxbe, Inc. asks this Court to add Plaintiff Spam Arrest's litigation counsel as a third-party defendant. Boxbe posits two causes of action: (1) inequitable conduct and (2) negligence arising out of Spam Arrest's counsel's patent prosecution. The Court should deny Boxbe's proposed amendment as futile because its proposed third-party complaint fails to state a claim for relief. Inequitable conduct is not a cause of action—it is an affirmative defense. And under its negligence theory, Boxbe claims that Spam Arrest's counsel owed Boxbe a duty during the prosecution of Spam Arrest's patent. Spam Arrest's counsel only owed its own client a duty; and Spam Arrest only owed a duty to the Patent Office.

In addition, the Court should deny the motion because of the severe prejudice it poses to Spam Arrest and its counsel. Boxbe was aware of the basis for its alleged inequitable conduct a year ago when it amended its counterclaim to assert a claim for declaratory relief that Spam Arrest's patent is unenforceable due to inequitable conduct. It should have made this motion then. Now, discovery is nearly complete, and trial is around the corner. If Spam Arrest's litigation counsel is really to become a party to this case then Spam Arrest will be forced to find new counsel on the eve of trial. The Court should not allow Boxbe to profit from this tactic.

It appears that Boxbe's true motive here is to force Spam Arrest to find substitution counsel, or dismiss its case because it cannot replace its lawyers at this late juncture. For that reason, this motion was brought in bad faith. If the Court agrees, then it should not only deny Boxbe's motion but award Spam Arrest its fees associated with opposing this motion.

- 1 -

## II.      Facts

### A.      Spam Arrest's patent infringement claim against Boxbe, Inc.

On November 2, 2011, Spam Arrest, LLC filed this lawsuit against Boxbe, Inc.

alleging infringement of Spam Arrest's '992 Patent.[1] (*See* Complaint for Patent

Infringement, Dkt. # 1.) Spam Arrest served Boxbe with process three days later. (*See*

Affidavit of Process Server (Dkt. # 5.)) On December 29, 2010, Boxbe filed an answer to

Spam Arrest's complaint and asserted affirmative defenses and counterclaims.

(Defendant Boxbe, Inc.'s Answer (Dkt. # 39).)

### B.      Boxbe discovered the factual allegations underlying its proposed Third Party Complaint nine months ago.

The deadline for amending the pleadings in this case was March 18, 2011.

(Preliminary Pretrial Conference Order ("Pretrial Order") (Dkt. # 44) at 2.) On April 15,

2011, Boxbe moved for leave to amend its pleadings to add a counterclaim for

inequitable conduct. (Motion for Leave to Amend Counterclaims (Dkt. # 75).) In that

motion, which Boxbe filed nearly a year ago, it represented to the Court that it had

"recently discovered new information to include in its Counterclaims asserted against

Plaintiff Spam Arrest, LLC" (*Id.* at 1.)

Simultaneously, Boxbe provided the Court with proposed amended counterclaims

in which it expressly identified the "new information" it claimed to have discovered in its

April 15, 2011 motion for leave to amend. Specifically, Boxbe's proposed amended

counterclaim alleged that John Luther—a patent lawyer who several years ago served as

---

[1] The patent at issue in this action is U.S. Patent No. RE40,992E (the " '992 Patent"), which is a reissue of U.S. Patent No. 7,039,949 (the " '949 Patent").

an associate at the firm now representing Spam Arrest in this lawsuit[2]—withheld

information from the United States Patent and Trademark Office ("USPTO") during the

'992 Patent's prosecution:

> 9.  During the prosecution of U.S. Patent No. RE40,992, Plaintiff failed to disclose known prior art the USPTO patent examiner. See, Exhibit 1, Declaration of John Luther.…

> 11.  During the prosecution of U.S. Patent No. 7,039,949, Plaintiff failed to disclose known prior art the USPTO patent examiner. See, Exhibit 1.…

> 13.  Upon information and belief, the Plaintiff's failure to uphold this duty of candor is material.

> 14.  Upon information and belief, the Plaintiff's failure to uphold this duty of candor was done with the intent to deceive the USPTO.

(Defendant Boxbe, Inc.'s Answer to First Amended Complaint, Affirmative Defenses,

and First Amended Counterclaims, Counterclaims at ¶¶ 9, 11, 13-14.) Based on the above

allegations, Boxbe also added a cause of action for Declaratory Judgment of

Unenforceability Based on Inequitable Conduct. (*Id*. at p. 11.) Boxbe did not at that time

seek to add Spam Arrest's litigation counsel, Newman Du Wors, or Luther as third party

defendants.

**C.   Boxbe disclosed details about its inequitable conduct defense and its allegations about Newman Du Wors and Luther nine months ago when it served Spam Arrest with its invalidity and unenforceability contentions.**

On April 18, 2011, (nearly two weeks after the court-ordered deadline (*see*

Pretrial Order at 2)), Boxbe served Spam Arrest with its invalidity and unenforceability

contentions. (Defendant Boxbe, Inc.'s Invalidity and Unenforceability Contentions,

---

[2] Spam Arrest's counsel's firm is Newman Du Wors LLP. (Linke Decl. at ¶ 3.) That firm was previously named Newman & Newman, Attorneys at Law, LLP and has never done business under the various names Boxbe uses in its Motion. (*Id*. at ¶ 4.) Spam Arrest will refer herein to its counsel's firm as "Newman Du Wors."

Declaration of Derek Linke in Support of Spam Arrest, LLC's Opposition to Boxbe,

Inc.'s Motion to Add Party Defendants ("Linke Decl.") at ¶ 2, Ex. A.) In those

contentions, Boxbe disclosed its inequitable conduct defense and specifically identified

Newman Du Wors and Luther as relevant to that defense:

> "Plaintiff, the attorneys at Newman and Newman, LLP [*sic*], and the inventors did not uphold their duty of candor to the USPTO…"
>
> "Mr. Luther, other attorneys at Newman and Newman, LLC [*sic*] and Plaintiff had knowledge regarding [alleged prior art] yet never disclosed [it] to the USPTO"
>
> "Plaintiff, the attorneys for Plaintiff, and the inventors – failed to keep USPTO examiners notified of material information."
>
> "The parties involved in the prosecution of the '992 Patent and the '949 Patent engaged in willful deceit by withholding material information, committing inequitable conduct. Therefore the '992 Patent is invalid [*sic*] on its face and/or is unenforceable against Defendant."

(Boxbe's Invalidity and Unenforceability Contentions at 10-13.) Boxbe did not at that

time seek to add Newman Du Wors or Luther as third party defendants.

**D.     Boxbe's proposed third-party claims are based on the same factual allegations it disclosed in its invalidity and unenforceability contentions and plead in its amended counterclaims nine months ago.**

Instead of adding third-party defendants when it first identified the basis for its

inequitable conduct defense and amended its counterclaims, Boxbe waited nine months to

bring this Motion for leave to file its Third Party Complaint. And a review of its proposed

pleading reveals it is based on the same factual allegations as it admits it had "recently

discovered" nine months ago when it amended its counterclaims. (*See* Motion for Leave

to Amend Counterclaims (Dkt. # 75) at 1.)

Boxbe's Third Party Complaint is based on essentially the same allegations as

disclosed in its April 2011 invalidity and unenforceability contentions:

- 4 -

14. At the time of the prosecution of the '949 Patent and the '992 Patent, Third Party Defendant Luther was an attorney at the law firm of Third Party Defendant Newman & Newman.…

56. Third Party Defendant Luther knew references of prior art existed at the time he prosecuted the '949 patent and the '992 on behalf of his client, Plaintiff Spam Arrest.

57. Third Party Defendant Luther knew that the undisclosed references of prior art were material at the time he prosecuted Spam Arrest, LLC's '949 and '992 Patent.

58. Third Party Defendant Luther made a deliberate decision to withhold known references during the prosecution of the '992 Patent.

(Third Party Complaint at ¶¶ 14, 56-58.)

Based on those factual allegations, Boxbe seeks leave to bring the following

causes of action against Newman Du Wors and Luther:

### FIRST CLAIM FOR RELIEF
### (Inequitable Conduct Luther)

64. Third Party Defendant Luther is liable to Third Party Plaintiff Boxbe for his inequitable conduct before the USPTO, which caused harm to Third Party Plaintiff Boxbe.…

### SECOND CLAIM FOR RELIEF
### (Negligence Luther)

69. Third Party Defendant Luther breached his duty in prosecuting patents '949 and '992 as set forth above.

70. As a direct and proximate result of Third Party Luther's breach, the Third Party Plaintiff Boxbe has been damaged.…

### THIRD CLAIM FOR RELIEF
### (Negligence and *Respondeat Superior* - Newman Du Wors, LLP and/or Newman & Newman, LLP)

74. Third Party Defendant Newman Du Wors and/or Third Party Defendant Newman & Newman have a duty to supervise the attorneys who work for them.

75. Third Party Defendant Newman Du Wors and/or Third Party Defendant Newman & Newman breached their duty.…

77.     Pursuant to the doctrine of *respondeat superior*, Third Party Defendant Newman Du Wors and/or Third Party Defendant Newman & Newman are liable jointly and severally for the liability of Third Party Defendant Luther.

(Third Party Complaint at ¶¶ 64, 69-70, 74-75 & 77.)

**E.      Discovery is closing, trial is imminent, and Boxbe's proposed amendment would cause severe prejudice to Spam Arrest and its counsel.**

Discovery closes in less than two month, on March 23, 2012. (Pretrial Order at 2.) Trial in this matter is set for April 30, 2012, just over 90 days from now. (*Id.* at 6.) Boxbe waited for over nine months from when it first disclosed its inequitable conduct theory to the Court and to Spam Arrest before proposing its Third Party Complaint. (Linke Decl. at ¶ 5.) This delay poses severe prejudice to Spam Arrest and its counsel. (*Id.* at ¶ 6.)

Even if the Court were to immediately grant Boxbe's Motion and permit Boxbe to proceed with service of its Third Party Complaint, Newman Du Wors and Luther would have, at most, a few weeks in which to conduct discovery before the cutoff. (*Id.* at ¶ 7.) And they would have been deprived of any ability to move for summary judgment on Boxbe's claims. (*Id.* at ¶ 8.)

Additionally, Boxbe's tactic in naming Spam Arrest's litigation counsel might result in forcing Spam Arrest to retain new counsel on the eve of trial. (*Id.* at ¶ 9.) This is consistent with Boxbe's counsel's previous disqualification threats:

"It appears that your law firm and some of its principals or associates are material witnesses to the counterclaims of Boxbe, Inc. in the above referenced litigation. As such, please provide your explanation of how Newman & Du Wors, LLP [*sic*] can ethically remain attorneys of record for Plaintiff Spam Arrest, LLC and also be material witnesses? [*sic*]"

(Linke Decl. at ¶ 10.) Notwithstanding Boxbe's counsel's claim that Spam Arrest's counsel "might be witnesses," Boxbe has not disclosed any Spam Arrest lawyer as a potential witness under Fed. R. Civ. P. 26(a)(1)(A)(i). (Linke Decl. at ¶ 11.) Nor has

- 6 -

Boxbe taken a single deposition of Spam Arrest's counsel (or any other witness in this

case). (*Id.* at ¶ 12.)

### III.    Discussion

**A.    The standard for granting leave to amend.**

Fed. R. Civ. P. 14(a) requires a defendant to file a third-party complaint within 14

days of filing its "original answer" or obtain leave of court to do so. Boxbe filed its

original answer on December 29, 2010 (Dkt. # 39), so its deadline for filing a third-party

complaint without leave of court has long passed. Spam Arrest agrees with Boxbe that

the standard for whether leave should be granted is essentially the same as that under Fed.

R. Civ. P. governing amendments to pleadings. (*See* Motion at ¶ 39).

A district court may deny leave to amend "in the case of 'undue delay, bad faith

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party by virtue of

allowance of the amendment, [and] futility of amendment.'" *Bausch v. Stryker Corp.*, 630

F.3d 546, 562 (7th Cir. 2010) *cert. denied*, 132 S. Ct. 498 (U.S. 2011). Any one of these

factors may serve as the basis for denial. *See McCarthy v. PaineWebber, Inc.*, 127 F.R.D.

130, 132 (N.D. Ill. 1989) ("undue delay in proposing amendments may alone be

sufficient reason to deny leave to amend.") Each of the *Bausch* factors indicates that

Boxbe's motion should be denied.

**B.    Boxbe's proposed pleading is futile because its proposed causes of action do
        not exist.**

Finally, Boxbe's proposed Third Party Complaint is futile because it fails to state

a claim for relief and would be subject to dismissal, and potentially sanctions under Fed.

R. Civ. P. 11. "An amendment is a 'futile gesture' if the amended pleading could not

survive a motion for summary judgment." *Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989). Not only could Boxbe's claims not survive summary judgment, it could not even survive a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim for relief.

### 1. Boxbe cannot sue Luther for "inequitable conduct" because that is an affirmative defense but not a cause of action.

Boxbe's proposed claim of "inequitable conduct" against Luther is frivolous and has no legal basis. Inequitable conduct is an equitable defense to patent infringement that, if proved, bars enforcement of a patent. *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1285 (Fed. Cir. 2011). To prevail on the defense of inequitable conduct, a defendant must show by "clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id.* at 1290.

The remedy for inequitable conduct is the "atomic bomb" of patent litigation. *Aventis Pharma S.A. v. Amphastar Pharms., Inc.*, 525 F.3d 1334, 1349 (Fed. Cir. 2008). A finding of inequitable conduct for any claim renders the entire patent unenforceable. *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 877 (Fed. Cir. 1988).

In sum, inequitable conduct is an affirmative defense to patent infringement and the remedy is an order that the plaintiff's patent is unenforceable. Luther is not suing Boxbe for patent infringement and does not own a patent for which Boxbe seeks a holding of invalidity. Boxbe should not be permitted to amend its pleadings to add a nonsensical claim that does not exist and for which it cannot obtain relief.

Additionally, Boxbe has no basis for demonstrating that Spam Arrest engaged in inequitable conduct. The standard for inequitable conduct is strict: the accused infringer

must prove that the patentee acted with the "specific intent to deceive the PTO." *Star*, 537 F.3d at 1366. It is insufficient to demonstrate that the "misrepresentation or omission amounts to gross negligence or negligence under a 'should have known' standard." *Therasense*, 649 F.3d at 1290. Boxbe cannot demonstrate by clear and convincing evidence that either Spam Arrest or its counsel engaged in conduct that satisfies the Federal Circuit's test for inequitable conduct. Therefore, even if there were an independent cause of action for inequitable conduct—which there is not—Boxbe's Third Party Complaint would still be futile.

Finally, Boxbe is not even serious about its inequitable conduct defense. It has not sought to depose any of the lawyers involved with the prosecution of Spam Arrest's '949 patent; it did not disclose an expert (timely or otherwise) to testify as to this defense; and it did not move for summary judgment on this defense as it did with respect to its invalidity defense. Instead, Boxbe waited until nearly the end of the case to spring this tactic on Spam Arrest and its counsel in an attempt to interfere with Spam Arrest's representation in this case.

### 2. Boxbe cannot sue John Luther and Newman Du Wors for negligence because they did not owe Boxbe a duty.

Boxbe's claim for negligence against Luther and Newman Du Wors fails to state a claim for relief and is futile. A valid negligence claim must allege: "1) a duty of care on the part of the defendant; 2) a breach of that duty; 3) a causal connection between the conduct and the injury; and 4) an actual loss or damage as a result of the injury." *Robinson v. Mount Sinai Med. Ctr.*, 137 Wis. 2d 1, 402 N.W.2d 711, 717 (1987). Boxbe's negligence claim against Luther and its related *respondeat superior* claim

against Newman Du Wors are based on an alleged duty owed by Luther to Boxbe during the prosecution of Spam Arrest's '992 patent. No such duty exists.

Boxbe has taken the unsupportable position that a patentee and its counsel owe a duty to all "entities who would be accused of infringing a patent that was obtained by inequitable conduct." (Third Party Complaint at ¶ 68.) But the duty of candor Boxbe claims Luther violated is owed to the USPTO—not Boxbe:

> Each individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section.

37 CFR 1.56. The Federal Circuit has confirmed that the duty imposed under Rule 56, the source of the duty implicated in an inequitable conduct defense, is owed "to the Office." *Therasense*, 649 F.3d at 1311-1312. Luther never had a duty to Boxbe and Boxbe's cause of action fails.

Similarly, the doctrine of *respondeat superior* only applies to an employer of a negligent employee. *Shannon v. Milwaukee*, 94 Wis. 2d 364, 370, 289 N.W.2d 564 (Wis. 1980) ("Under the doctrine of respondeat superior an employer can be held vicariously liable for the negligent acts of his employees…") But Luther, the alleged employee, cannot have been negligent because he owed no duty to Boxbe. Boxbe's claim against Newman Du Wors fails to state a claim for relief.

Boxbe's negligence claims against Luther and Newman Du Wors are futile because they are without merit and frivolous. The Court should not permit Boxbe to bring them now.

**C.   Boxbe's Motion should be denied on the basis of its undue delay, bad faith, and dilatory tactics.**

Boxbe's Motion should be denied just based on its inexcusable delay in seeking leave to amend. *See McCarthy v. PaineWebber, Inc.*, 127 F.R.D. 130, 132 (N.D. Ill. 1989) ("undue delay in proposing amendments may alone be sufficient reason to deny leave to amend."); *See also Tamari v. Bache & Co. S.A.L.*, 838 F.2d 904, 909 (7th Cir. Ill. 1988) ("The longer the delay, the greater the presumption against granting leave to amend.") Boxbe inexplicably waited nine months to bring claims based on facts it knew against parties it had already identified and its Motion should be denied.

Courts deny leave to amend where the proposed amended pleadings are based on facts known to the moving party early in the litigation. In *George v. Kraft Foods Global, Inc.*, the plaintiffs moved for leave to amend their complaint to add new claims and defendants despite having long been aware of the facts that gave rise to their proposed amendments and the approach of the discovery cutoff within several months. 641 F.3d 786, 790–91 (7th Cir. 2011). The Seventh Circuit affirmed the district court's denial of plaintiff's requested amendment because the amendment would have "thwarted the discovery schedule" and required adding a year or more onto the case. *Id.*

Similarly, Boxbe has long known of the facts underlying its Third Party Complaint. It disclosed its factual allegations involving Newman Du Wors and Luther in mid-April 2011, nearly nine months ago. And the discovery cut-off in this case is even closer than the one in *George*—by the time Boxbe's proposed third-party defendants are served and respond to the Complaint, there would be weeks, if not days, remaining for them to take discovery regarding Boxbe's claims.

This Court has already warned Boxbe about ignoring Court-ordered deadlines and awarded Spam Arrest fees in order to deter future untimely filings. (January 11, 2012 Opinion and Order (Dkt. # 168) at 5.) Unfortunately Boxbe has not been deterred. Just a week after the Court sanctioned it, Boxbe brought this motion seeking leave to amend its pleadings ten months after the deadline to do so has already passed. The Court should require that Boxbe adhere to deadlines and deny its untimely Motion.

Boxbe's motion should also be denied because it was brought in bad faith. Boxbe waited until there were mere weeks left in discovery to attempt to assert claims against Spam Arrest's litigation counsel. That delay points to a clear tactic to interfere with Spam Arrest's representation in this case. At a minimum, if Boxbe's Motion is granted Spam Arrest and its counsel will be forced to expend limited resources defending these new claims. But Boxbe wants more—it has demanded, with no basis whatsoever—that Spam Arrest's counsel withdraw from representation of Spam Arrest in this case. Boxbe's Motion is a clear attempt to deprive Spam Arrest of representation on the eve of trial in this matter.

**D.      Boxbe's Motion should be denied because it already had an opportunity to cure any deficiencies in its pleadings relating to its inequitable conduct defense.**

Boxbe's Motion should also be denied because it had an opportunity to cure any deficiencies in its pleadings—such as adding third parties related to its current claims— and failed to do so. *See Bausch*, 630 F.3d at 562 (Denial of leave to amend appropriate where movant failed "to cure deficiencies by amendments previously allowed".) Last April, over nine months ago, Boxbe moved for leave to amend to add allegations and a counterclaim relating to its inequitable conduct defense. In that motion and accompanying proposed pleading, Boxbe expressly identified the role it claims Newman

- 12 -

Du Wors and Luther played in connection with its inequitable conduct defense. Those facts are essentially the same as those supporting the claims in its Third Party Complaint but Boxbe failed to assert its third-party claims at that time. Spam Arrest did not oppose that motion, and the Court granted it (Dkt. # 161). Boxbe proceeded to file its counterclaim for inequitable conduct (Dkt. # 166). Boxbe had—and squandered—an opportunity to add any third party defendants when it previously moved for leave to amend. The Court should not permit Boxbe to do so now nine months later.

E.      **The Court should award Spam Arrest its fees in responding to Boxbe's Motion.**

        Spam Arrest respectfully requests that the Court award it its reasonable fees and costs incurred in responding to Boxbe's Motion. Boxbe's proposed Third Party Complaint is meritless and was intentionally delayed for the purpose of prejudicing Spam Arrest. Boxbe knew of the basis for these new claims nine months ago and had the opportunity to amend its pleadings but failed to bring these. And, as discussed above, these claims are all meritless. Sanctions are appropriate against both Boxbe and its counsel.

        Sanctions against Boxbe's counsel are appropriate under 28 U.S.C. § 1927 which provides for the imposition of sanctions against counsel who "multiplies the proceedings in any case unreasonably and vexatiously". The Seventh Circuit has established a policy of enforcing Section 1927:

> The bar of this circuit must be aware that the courts will enforce § 1927 and Rule 11. Litigation must be grounded in an objectively reasonable view of the facts and the law. If it is not, the lawyer who proceeds recklessly -- not his innocent adversaries -- must foot the bill.

*In re TCI, Ltd.*, 769 F.2d 441, 450 (7th Cir. 1985).

- 13 -

Sanctions under 28 U.S.C. § 1927 are appropriate against an attorney who has

demonstrated "subjective or objective bad faith." *Moriarty v. Svec*, 429 F.3d 710, 722

(7th Cir. 2005); *see also* In re TCI, Ltd., 769 F.2d at 445 ("it is not necessary to find

counsel acted in subjective bad faith to justify an award of fees.") Rather, counsel acts

"unreasonable and vexatiously" where he "pursues a path that a reasonably careful

attorney would have known, after appropriate inquiry, to be unsound." *Id.* at 445.

Instead of making an appropriate inquiry, Boxbe's counsel recklessly filed a

motion for leave to file a pleading containing three causes of action with no legal basis

whatsoever: There is no duty owed by a patentee's counsel to all "entities who would be

accused of infringing a patent" (Third Party Complaint at ¶ 68) and inequitable conduct is

not a cause of action, but rather an equitable defense to patent infringement.

And not only are these claims frivolous, but Boxbe's counsel timed their filing to

maximize the harm to Spam Arrest as part of his attempt to force its counsel to withdraw.

Under the circumstances, the Court should "insist that the attorney bear the costs of his

own lack of care." *In re TCI, Ltd.*, 769 F.2d at 445.

The Court should also award Spam Arrest its fees against Boxbe. The Court is

authorized to exercise its inherent power to impose sanctions for abuse of the judicial

system. *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004). In

order to exercise that power, a court must:

> provide notice of its intention to impose sanctions and give the party an
> opportunity to respond. Sanctions can then be imposed if the court finds
> that the party "acted in bad faith, vexatiously, wantonly, or for oppressive
> reasons…"

*Id.*at 928 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). Spam Arrest

respectfully requests that the Court order Boxbe to show cause why it should not be

- 14 -

sanctioned for its Motion and its frivolous, untimely, and prejudicial Third Party

Complaint.

## IV.    Conclusion

Boxbe's proposed Third Party Complaint is frivolous, untimely, and brought to

harass Spam Arrest. The Court should decline Boxbe to bring these unmerited claims so

long after it has known of the facts it relies on to bring them and should decline to allow

Boxbe to proceed with claims which would be subject to summary dismissal under Fed.

R. Civ. P. 12(b)(6) for failure to state claim. Spam Arrest respectfully requests that the

Court deny Boxbe's motion and award Spam Arrest its reasonable attorneys' fees and

costs incurred in preparing this opposition.


DATED January 26, 2012.                    NEWMAN DU WORS LLP


                                           s/ Derek Linke
                                           Derek A. Newman
                                           Derek Linke
                                           John Du Wors
                                           1201 Third Avenue, Suite 1600
                                           Seattle, WA 98101
                                           Telephone:    (206) 274-2800
                                           Facsimile:    (206) 274-2801
                                           *derek@newmanlaw.com*
                                           *linke@newmanlaw.com*
                                           *john@newmanlaw.com*

                                           Attorneys for Plaintiff